AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

2010 DEC 21 AM 11:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
BRADLEY JOHN DIERKING (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 08CR3366 JM

Benjamin L. Coleman
Defendant's Attorney

**REGISTRATION NO.** 11350298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) ONE OF THE SUPERSEDING INFORMATION.

☐ was found guilty on count(s) ______
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1030(a)(5)(A)(ii) | RECKLESSLY CAUSING DAMAGE TO A PROTECTED COMPUTER | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) remaining is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $ 100.00

☒ Fine waived ☐ Forfeiture pursuant to order filed ______, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 17, 2010
Date of Imposition of Sentence

HON. JEFFREY T. MILLER
UNITED STATES DISTRICT JUDGE

AO 245B     (Rev. 9/00) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page 2 of 5

DEFENDANT: BRADLEY JOHN DIERKING (1)
CASE NUMBER: 08CR3366 JM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SIX (6) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
     ☐ at _____ ☐ a.m. ☐ p.m. on _____.
     as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☒ on 1/21/11 by 9:00am or to the court before Judge Miller on 1/24/11 at 9:00 am in Courtroom 16.
     ☐ as notified by the United States Marshal.
     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

08CR3366 JM

DEFENDANT: BRADLEY JOHN DIERKING (1)
CASE NUMBER: 08CR3366 JM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backing Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page __4__ of __5__

DEFENDANT: BRADLEY JOHN DIERKING (1)
CASE NUMBER: **08CR3366 JM**

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☒ The defendant shall not act as a consultant or advisor to individuals or groups engaged in computer-related activities without prior approval.

☒ Abstain from alcohol use.

☒ The defendant shall consent to periodic, unannounced and/or random search of any approved computer(s), to include Internet-capable devices, hardware, software and data under the defendant's control. The defendant shall provide access and password information to all programs as direct by the probation officer.

☒ Not possess or use any computer, unless in connection with authorized employment and with the advanced approval of the probation officer. If approved, the defendant shall not install new hardware or effect repairs/modifications on the computer system, including the removal or tampering of software, without advanced approval by the probation officer.

☐ Participate in a mental health treatment program as directed by the probation officer.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Not be employed in or perform services for any entity engaged in the computer, computer software, telecommunications, or similar business; and shall not be employed in a any capacity where he has access to such devices without the advanced approval of the probation officer.

☒ Remain in your place of residence for a period of  4 months, except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☒ Be monitored for a period of 4 months, with the locations monitoring technology at the discretion of the probation officer. The offender shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the probation officer. Defendant is restricted to place of residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

☒ Participate in a program of drug or alcohol abuse including testing and counseling, with at least 2 to 8 tests per month and 2 to 8 counseling sessions per month as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

AO 245S  Judgment in Criminal Case
       Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 5

DEFENDANT: BRADLEY JOHN DIERKING (1)
CASE NUMBER: 08CR3366 JM

# RESTITUTION

The defendant shall pay restitution in the amount of $19,129.90 unto the United States of America.

    This sum shall be paid      ___ immediately.
                              X   as follows:

Through the Clerk, US District Court, to the following victims in the amounts specified, payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of a minimum of $530 per month or 10% of gross monthly income, whichever is greater. Distribution of restitution to the victims is to be on a pro rata basis. Minus $10,000.00 already paid to Greary Group Inc on December 17, 2010.

Greary Group Inc
401 West A Street, Ste 360
San Diego, CA 92101
ATTN: Legal Department      $ 8,750.00

Miraval Resort Tucson, LLC
500 East Via Estancia
Tucson, AZ 85739
ATTN: Ahmad Ghemrawi
(Vice President of Finance)      $ 379.90

The Court has determined that the defendant   does not   have the ability to pay interest. It is ordered that:

    ___ The interest requirement is waived.

    ___ The interest is modified as follows:

08CR3366 JM